**E-FILED**
Tuesday, 10 January, 2017  03:25:28 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOSEPH PULLIAM, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 16-1379 |
| | ) | |
| JEFFREY KRUEGER, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## <u>ORDER AND OPINION</u>

This matter is now before the Court on Petitioner Pulliam's [6] Motion to Reconsider this Court's dismissal of his Petition for Writ of Habeas Corpus pursuant to § 2241. For the reasons set forth below, Pulliam's Motion [6] is GRANTED, the Judgment is VACATED, and the Clerk is DIRECTED to enter an Amended Judgment DENYING the Petition.

### BACKGROUND

Petitioner brought this Petition under 28 U.S.C. § 2241 challenging the validity of the sentence imposed by the United States District Court for the Western District of Missouri after Pulliam was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1), and possession of marijuana and methamphetamine in violation of 21 U.S.C. § 844(a). His convictions and sentence were affirmed on appeal. See *United States v. Pulliam*, No. 6:07-CR-03047-ODS (W.D. Mo. 2008); *aff'd* 566 F.3d 784 (8th Cir. 2009); *cert denied*, 130 S. Ct. 652 (2009). Petitioner was sentenced to concurrent terms of imprisonment of 180 months on each of the three counts for which he was convicted. *Pulliam*, 566 F.3d at 786. Pulliam's Petition claimed that his prior conviction for unlawful use of a weapon by exhibiting is no longer a predicate "violent felony" under the Armed Career Criminal Act, 18 U.S.C. §

924(e)(2)(B), in light of the Supreme Court's opinion in *Mathis v. United States*, 136 S. Ct. 2243 (2016).

Petitioner has previously filed a motion under 28 U.S.C. § 2255. See *Pulliam v. United States*, No. 6-10-CV-03449 (W.D. Mo. 2010). The District Court for the Western District of Missouri denied Petitioner's § 2255 motion. *Id*. The Eighth Circuit subsequently denied Petitioner's application for a certificate of appealability. *Pulliam v. United States*, No. 12-1253 (8th Cir. 2012), No. 15-3210 (8th Cir. 2016). Additionally, Pulliam filed petitions under 28 U.S.C. § 2241 in this District on July 1, 2015, and June 10, 2016. *Pulliam v. Krueger*, No. 15-1268 (C.D. Ill. 2015); *Pulliam v. Krueger*, No. 16-1209 (C.D. Ill. 2016). This Court dismissed Petitioner's § 2241 motions for lack of jurisdiction because Pulliam's *Johnson* claims were not cognizable under § 2241 and explained that he must bring his challenge under § 2255. *Id*.

Pulliam's instant § 2241 Petition is almost identical to one of his prior § 2241 petitions wherein he sought to challenge his sentence on the grounds that his prior conviction for unlawful use of a weapon by exhibiting was no longer a predicate "violent felony" under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B), in light of the Supreme Court's opinion in *Johnson v. United States*, 135 S. Ct. 2251 (2015). See *Pulliam v. Krueger*, No. 16-1209. In that case, the Court dismissed Pulliam's Petition because *Johnson* announced a new rule of constitutional law made retroactive to cases on collateral review (*Welch v. United States*, 136 S. Ct. 1257 (2016)); thus, a motion under § 2255 would not be "inadequate or ineffective to test the legality of [Pulliam's] detention" under 28 U.S.C. § 2255(e). See also *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). Accordingly, the Court dismissed Pulliam's Petition without prejudice to seek permission from the court of appeals from the circuit where he was sentenced—i.e., the Eighth Circuit—to bring a second or successive § 2255 motion.

Pulliam's instant Petition also challenges his sentence on the grounds that his prior conviction for unlawful use of a weapon by exhibiting was no longer a predicate "violent felony" under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B). However, rather than asserting a claim under *Johnson*, Pulliam stated that unlawful use of a weapon by exhibiting "is an indivisible statute and in light of *Descamps* and *Mathis* does not meet the ACCA requirement for enhancement purposes." On December 2, 2016, this Court entered an Order dismissing Pulliam's Petition without prejudice to seek permission from the Court of Appeals in the Circuit where the petitioner was sentenced to bring a second or successive § 2255 motion. ECF Doc. 4, see also Administrative Order, *In re Johnson v. United States*, No. 15-1016 (C.D. Ill. Sept. 9, 2015). Pulliam now moves to reconsider the prior Order because his Petition sought relief under *Mathis* rather than *Johnson*.

## ANALYSIS

Pulliam may only proceed under § 2241 if a motion under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). As the Seventh Circuit stated in *In re Davenport*, "[a] federal prisoner should be permitted to seek habeas corpus only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." 147 F.3d 605, 611 (7th Cir. 1998). Relief under § 2255 is inadequate or ineffective if the following three conditions are met: (1) a prisoner must show that he relies on a 'statutory-interpretation' case, rather than a 'constitutional' case; (2) the prisoner must show that he relies on a retroactive decision that he could not have invoked in his first § 2255 motion; and (3) the sentence enhancement must have been a grave enough error to be deemed a miscarriage of justice corrigible in a habeas corpus proceeding. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013).

Here, Pulliam's § 2241 Petition relies on the Supreme Court's decision in *Mathis*, which held that Iowa's burglary statute did not qualify as a predicate violent felony offense under the ACCA because it applied to a broader range of locations than the "generic" offense of burglary listed in § 924(e)(2)(B)(ii). 136 S. Ct. at 2250–51. Because *Mathis* "is a case of statutory interpretation," claims based on *Mathis* "must be brought, if at all, in a petition under 28 U.S.C. §2241." *Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016); see also *Jenkins v. United States*, No. 16-3441 (7th Cir. Sept. 20, 2016) ("*Mathis* is not amenable to analysis under § 2244(b) because it announced a substantive rule, not a constitutional one."). Thus, Pulliam's Petition satisfies the first requirement under *Brown*.

Second, Pulliam's Petition must rely on a retroactive decision that he could not have invoked in his first § 2255 motion. "The retroactivity of a Supreme Court rule depends on whether it is procedural or substantive." *Narvaez v. United States*, 674 F.3d 621, 625 (7th Cir. 2011); *Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016) ("*Teague v. Lane*, 489 U.S. 288, 306–10 (1989), and *Bousley v. United States*, 523 U.S. 614, 619–21 (1998), teach that new rules are applied retroactively when they are substantive; procedural rules apply retroactively in much narrower circumstances."). A statutory rule that defines "the scope of a sentencing enhancement that increases the maximum allowable statutory sentence on the basis of a prior conviction is properly classified as substantive." *Welch v. United States*, 604 F.3d 408, 415 (7th Cir. 2010). Thus, *Mathis*—which held that Iowa's burglary statute did not qualify as a predicate violent felony under the ACCA because it was broader than the "generic" offense of burglary in § 924(e)(2)(B)(ii)—appears to be a substantive rule that applies retroactively. See *Jenkins v. United States*, No. 16-3441 (7th Cir. Sept. 20, 2016) ("*Mathis* is not amenable to analysis under § 2244(b) because it announced a substantive rule, not a constitutional one."); *Dawkins v. United*

*States*, 829 F.3d 549, 551 (7th Cir. 2016); *Montana v. Cross*, 829 F.3d 775, 783–84 (7th Cir. 2016). Accordingly, Pulliam's Petition meets the second requirement under *Brown*.

The third requirement under *Brown* provides that "the sentence enhancement have been a grave enough error to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding." *Brown*, 719 F.3d at 586. Here, Pulliam cannot meet the third requirement because *Mathis* does not invalidate his predicate conviction for unlawful use of a weapon by exhibiting. *Mathis* addressed the enumerated offenses under § 924(e)(2)(B)(ii)—burglary, arson, and extortion. In contrast, Pulliam's conviction for unlawful use of a weapon by exhibiting qualifies as a violent felony under the first romanette, because it "has as an element the use, attempted use, or threatened use of physical force against the person of another." § 924(e)(2)(B)(i). Under Missouri law, a person commits the crime of unlawful use of a weapon by exhibiting if he knowingly "[e]xhibits, in the presence of one or more persons, any weapon readily capable of lethal use in an angry or threatening manner." Mo. Rev. Stat. § 571.030.1(4); *United States v. Pulliam*, 566 F.3d 784, 788 (8th Cir. 2009). Thus, the Eighth Circuit held in 2009, and reaffirmed in a decision after *Mathis* was decided, that "Missouri's crime of unlawful use of a weapon meets the statutory definition of violent felony in § 924(e)(2)(B)(i), because it involves the 'use, attempted use, or threatened use of physical force against the person of another.'" *Pulliam*, 556 F.3d at 784; *Robinson v. United States*, 2016 WL 4502530 (8th Cir. Aug. 29, 2016). Since *Mathis* does not invalidate the use of Pulliam's prior conviction for unlawful use of a weapon by exhibiting under the elements clause, Pulliam cannot meet *Brown's* third requirement for proceeding under § 2241.

In sum, because Pulliam's § 2241 Petition relied on *Mathis*, which announced a new substantive rule, rather than a new rule of constitutional law, § 2241 was the proper vehicle for

him to attack his sentence enhancement for his prior conviction of unlawful use of a weapon by exhibiting. Accordingly, the Court erred in dismissing his Petition without prejudice to seek permission from the Eighth Circuit Court of Appeal to bring a second or successive § 2255 motion. However, as discussed above, Pulliam's Petition must be denied because his prior conviction was not invalidated by *Mathis*. Accordingly, the Court grants Pulliam's motion to reconsider, vacates the original Judgment, and directs the Clerk to enter an Amended Judgment denying his Petition.

## CONCLUSION

For the reasons stated above, Pulliam's Motion [6] to Reconsider is GRANTED, the Judgment is VACATED, and the Clerk is DIRECTED to enter an Amended Judgment DENYING the Petition.


This matter is now terminated.


Signed on this 10th day of January, 2017.

s/ James E. Shadid
James E. Shadid
Chief United States District Judge
